IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY, an individual

     Plaintiff,

v.

EUGENE H. BAKER, an individual,
BERNARD C. MAYNES, an individual,
B&B 2ND MORTGAGE, LLC, a Colorado limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
SHARON M. HAMILTON, an individual, and
CHEM-AWAY, INC., a California corporation,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Terry D. Hamilton's ("Hamilton")

**Motion to Strike "Defendants' Motion to Set Aside Defaults Pursuant to F.R.C.P.**

**55(c)"; Or in the Alternative, Request the Court to Enter Order to Show Cause Why**

**Robert E. Ray Should Not Be Sanctioned for Violating Fed. R. of Civ. Proc. 11(b);**

**COLO.RPC 3.3; COLO.RPC 8.4(c)(h); DCCOLO. L Civ R 7.1** [sic] **[#41]**[1] (the "Motion for

Sanctions"), to which Defendants Eugene H. Barker, Bernard C. Maynes, B&B 2nd

_____

[1]  "[#41]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

Mortgage, LLC, B&B Ventures, LLC, and High Pointe, LLC (collectively, the "Barker Defendants") filed a Response [#51], and on Defendant Hamilton's **Separate Rule 12(f)(2) Motion to Strike Defendants' Response to Motion to Strike by Terry Hamilton, Doc 41** [#56] (the "Motion to Strike Response"), to which the Barker Defendants filed a Response [#71] and Defendant Hamilton filed a Reply [#77].  Defendant Hamilton proceeds in this matter as a pro se litigant.

As an initial matter, the Court does not consider any request for relief by any party that is made solely in a Response [#51, #71] or a Reply [#77] and not in the Motions [#41, #56].  *See* D.C.COLO.LCivR 7.1(a) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document.")

Regarding the Motion to Strike Response [#56], Defendant Hamilton invokes Fed. R. Civ. P. 12(f)(2) in order to strike the Barker Defendants' Response [#51] to the Motion for Sanctions [#41].  Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Pleadings, as defined by Rule 7(a), are different from "motions and other papers."  Pleadings include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer.  Fed. R. Civ. P. 7(a).  "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."  *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992); *see also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to

strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").  The document to which Defendant Hamilton's Motion is directed is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure.  The Court finds that Defendant Hamilton's Motion is therefore inappropriate.  *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005).  Accordingly, the Motion to Strike Response [#56] is **denied**.

Regarding the Motion for Sanctions [#41], Defendant Hamilton makes two requests for relief.  First, Defendant Hamilton invokes Fed. R. Civ. P. 12(f)(2) to request that the Barker Defendants' Motion to Set Aside Defaults Pursuant to F.R.C.P. 55(c) [#36] be stricken.  Although this request may be denied on the basis explained above, the Court finds that this request is moot because the District Judge ruled on the Motion to Set Aside Defaults Pursuant to F.R.C.P. 55(c) [#36] on March 10, 2015, the day before Defendant Hamilton's Motion for Sanctions [#41] was filed.  Accordingly, this portion of the Motion for Sanctions [#41] is **denied as moot**.

Second, Defendant Hamilton seeks the imposition of sanctions against the Barker Defendants for violations of various federal and state rules regarding professional conduct. However, given the District Judge's ruling on the Motion to Set Aside Defaults Pursuant to F.R.C.P. 55(c) [#36], the Court fails to see how Defendant Hamilton has been prejudiced or irreparably harmed even if every allegation contained in the Motion for Sanctions [#41] were true.  The Court declines to construe Defendant Hamilton's request for sanctions as a motion for reconsideration of the District Judge's ruling on the Motion to Set Aside

Defaults Pursuant to F.R.C.P. 55(c) [#36], and given that the District Judge found that the motion had merit, there is even less reason for the Court to consider imposing sanctions on the Barker Defendants.  *See also* Fed. R. Civ. P. 11(c)(1) (noting that the imposition of sanctions under Rule 11 is discretionary, not mandatory).  Finally, the Court notes that the Motion for Sanctions violates Fed. R. Civ. P. 11(c)(2), which states that "[a] motion for sanctions must be made separately from any other motion."  Defendant Hamilton has failed to file his request for sanctions under Rule 11 separately from his other request for relief. Accordingly, this portion of the Motion for Sanctions [#41] is **denied**.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion for Sanctions [#41] is **DENIED in part and DENIED as moot in part**.

IT IS FURTHER **ORDERED** that the Motion to Strike Response [#56] is **DENIED**.

Dated:  July 20, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge