IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY, an individual,

    Plaintiff,

v.

EUGENE H. BAKER, an individual,
BERNARD C. MAYNES, an individual,
B&B 2ND MORTGAGE, LLC, a Colorado limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
SHARON M. HAMILTON, an individual, and
CHEM-AWAY, INC., a California corporation,

    Defendants, and

TERRY D. HAMILTON, an individual,

    Third-Party Plaintiff,

v.

THOMAS W. METCALF, an individual;
THOMAS W. METCALF, ATTORNEY AT LAW, a professional law firm;
ROBERT E. RAY, an individual;
LAW OFFICE OF ROBERT E. RAY, a professional law firm,

    Third-Party Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Urgent Ex Parte Petition for**

**Prejudgment Attachment and Issuance of Writ** [#17][1] (the "First Motion") and on Plaintiff's **Amended Second Request for This Court to Grant an Order Re: Urgent Unopposed Ex Parte Petition for Prejudgment Attachment and Issuance of Writ** [#75] (the "Second Motion").[2]  Plaintiff, who proceeds in this litigation as a pro se litigant,[3] seeks prejudgment attachment on certain property allegedly owned by certain Defendants to this lawsuit.  Specifically, Plaintiff seeks attachment of $250,000 held by the Weld County District Court in Case No. 2001CV473 on behalf of Defendants Terry D. Hamilton, Sharon M. Hamilton, Chem-Away, Inc. of California, and Chem-Away, Inc. of Colorado (collectively, for purposes of this Order only, "Defendants").[4]

---

[1]  "[#17]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2]  The Court notes that it has also reviewed Plaintiff's Request for This Court to Grant an Order Re: Plaintiff's [Unopposed] Urgent Ex Parte Petition for Prejudgment Attachment and Issuance of Writ [#22], and Defendant Terry D. Hamilton's Notice of Non-Opposition to Plaintiff Conry's Amended Second Request [#75] for Order Granting Urgent Unopposed Ex Parte Petition for Prejudgment Attachment and Issuance of Writ [#78].  No responses were filed to these two Motions, which appears to be the basis for Plaintiff's repeated statement that the Motions are "unopposed."  Plaintiff does not state that she has conferred with the appropriate Defendants against whom prejudgment attachment is sought, and that they have affirmatively told her that the Motions are unopposed.  Plaintiff is notified that future non-compliance with the conferral requirements of D.C.COLO.LCivR 7.1(a) will result in the denial of her motions without further warning.

[3]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4]  To the extent Plaintiff asks the Court to "issue a Writ in favor of [Plaintiff] against Defendants (jointly and severally) to prevent Defendants from further transferring real and/or personal property [Plaintiff] has claims against," the Court notes that such a request is too vague with respect to the specific property against which Plaintiff seeks attachment.  *First Motion* [#17]

Under Fed. R. Civ. P. 64(a): "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Under Fed. R. Civ. P. 64(b): "The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies." The parties do not assert that a federal statute here applies.[5]

In Colorado, prejudgment attachment is authorized under limited circumstances pursuant to Colo. R. Civ. P. 102. *See Young v. Ewen*, No. 07-cv-01223-MSK-CBS, 2007 WL 2792448, at *2 (D. Colo. Sept. 25, 2007). According to Colo. R. Civ. P. 102(a):

> (a) Before Judgment. Any party, at the time of filing a claim, in an action on contract, express or implied, or in an action to recover damages for tort committed against the person or property of a resident of this state, or at any time after the filing but before judgment, may have nonexempt property of the party against whom the claim is asserted (hereinafter defendant), attached by an ex parte order of court in the manner and on the grounds prescribed in this Rule, unless the defendant shall give good and sufficient security as required by section (f) of this Rule. No ex parte attachments before judgment shall be permitted other than those specified in this Rule.

A writ of attachment under Colo. R. Civ. P. 102 cannot issue without an affidavit from the plaintiff containing specific information. *Young*, 2007 WL 2792448, at *2. According to Colo. R. Civ. P. 102(b):

---

at 4.

[5] Plaintiff also refers to, without discussion, Colo. Rev. Stat. § 13–21–809. *First Motion* [#17] at 1. However, this statute applies to prejudgment attachment under the Drug Dealer Liability Act, which appears to have no application to the facts of this case.

> (b) Affidavit. No writ of attachment shall issue unless the party asserting the claim (hereinafter plaintiff), his agent or attorney, or some credible person for him shall file in the court in which the action is brought an affidavit setting forth that the defendant is indebted to the plaintiff, or that the defendant is liable in damages to the plaintiff for a tort committed against the person or property of a resident of this state, stating the nature and amount of such indebtedness or claim for damages and setting forth facts showing one or more of the causes of attachment of section (c) of this Rule.

Plaintiff asserts that she has provided sufficient evidence to meet the requirements of the following portions of Colo. R. Civ. P. 102(c):

> (c) Causes. No writ of attachment shall issue unless it be shown by affidavit or testimony in specific factual detail, within the personal knowledge of an affiant or witness, that there is a reasonable probability that any of the following causes exist:
>
> (1) The defendant is a foreign corporation without a certificate of authority to do business in this state. . . .
>
> (4) The defendant is presently about to remove his property or effects, or a material part thereof, from this state with intent to defraud, delay, or hinder one or more of his creditors, or to render process of execution unavailing if judgment is obtained. . . .
>
> (7) The defendant is presently about to fraudulently convey, transfer, or assign his property or effects, or a material part thereof, so as to hinder or delay one or more of his creditors, or to render process of execution unavailing if judgment is obtained.
>
> (8) The defendant is presently about to fraudulently conceal, remove, or dispose of his property or effects, or a material part thereof, so as to hinder or delay one or more of his creditors, or to render process of execution unavailing if judgment is obtained.
>
> (9) The defendant has departed or is presently about to depart from this state, with the intention of having his property or effects, or a material part thereof, removed from the state.

*See Motion* [#17] at 1.

Finally, a writ of attachment under Colo. R. Civ. P. 102 cannot issue without payment of a bond. *Young*, 2007 WL 2792448, at *2. According to Colo. R. Civ. P. 102(d):

> (d) Plaintiff to Give Bond. Before the issuance of a writ of attachment the plaintiff shall furnish a bond that complies with the requirements of C.R.C.P. 121, § 1-23, in an amount set by the court in its discretion, not exceeding double the amount claimed, to the effect that if the defendant recover judgment, or if the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages defendant may sustain by reason of the wrongful suing out of the attachment. The defendant may require the sureties to satisfy the court that each, for himself, is worth the amount for which he has become surety over and above his just debts and liabilities, in property located in this state and not by law exempt from execution.

Plaintiff's Affidavit in support of her petition for prejudgment attachment is wholly deficient. It states:

> I, Suzanne Conry ("Affiant"), being first duly sworn, state as follows.
>
> 1. Affiant is over 18 years of age, of sound mind, and competent to testify in a court of law regarding matters stated in this Affidavit.
>
> 2. Affiant has prepared and read SUZANNE CONRY'S URGENT EX PARTE PETITION FOR PREJUDGMENT ATTACHMENT AND ISSUANCE OF WRIT and believes all assertions therein to be true and correct to the best of Affiant's knowledge and belief.
>
> 3. Affiant also reaffirms Conry's March 17, 2013, Notice of Lien against the $250,000 being held by the Court on behalf of The Hamiltons which is an intricate and critical element of the December 2013 SRA between Conry, PDC and the B&B Parties derived from the Stipulated Judgment and SRA in Weld Case 2012CV15; and Conry's October 4, 2013, Quit Claim Deed/Assignment filed at Weld County Reception Number 3968486.
>
> FURTHER AFFIANT SAYETH NAUGHT.

*Aff. of Pl.* [#17-1] (emphases omitted). Even to the extent that the Court may incorporate the statements made in the referenced Motion [#17] as part of the Affidavit [#17-1], and therefore consider these statements as evidence, Plaintiff fails to meet her burden. *See Old Republic Nat'l Title Ins. Co. v. Kornegay*, 292 P.3d 1111, 1114 (Colo. App. 2012) (stating that "rules authorizing [prejudgment attachments] are strictly construed") (citing

-5-

*Jayne v. Peck*, 155 Colo. 513, 515 (1964)).

First, while Plaintiff states that "Defendant Chem-Away of California is a foreign corporation without a certificate of authority to do business in this state," *First Motion* [#17] at 2, she has provided no supporting evidence and has failed to demonstrate how such information is "within [her] personal knowledge." *See* Colo. R. Civ. P. 102(c). Accordingly, the Court finds that Plaintiff has failed to demonstrate that "cause" exists under Colo. R. Civ. P. 102(c)(1).

Second, Plaintiff states:

> Defendants are in a position to fraudulently conceal, remove, or dispose of his/her/their real and/or personal property or effects, or a material part thereof, so as to hinder or delay Conry, or to render process of execution unavailing if judgment is obtained. Defendants have departed from this state, and may have intentions of having his/her/their real and/or personal property or effects, or a material part thereof, removed from the state.

*First Motion* [#17] at 2. However, the test is not whether the asset-holder is in a position to rid itself of assets. Rather "[t]o sustain the attachment [Plaintiff] has the burden of establishing by a preponderance of the evidence that there is a reasonable probability that [Defendants] made or intended to make a fraudulent conveyance or intended to make collection more difficult for [her]." *Haney v. Castle Meadows, Inc.*, 816 F. Supp. 655, 657 (D. Colo. 1993) (citing *First Nat'l Bank of Ft. Collins v. Poor*, 29 P.2d 713, 714 (Colo. 1934)). "Although [Plaintiff] need not establish [Defendants] acted with a dishonest motive or with the intent to deprive [her] of [her] ability to ever realize on [her] claim, [Plaintiff] must still demonstrate that [Defendants] at least intended to hinder or delay [her] from collecting on a judgment." *Haney*, 816 F. Supp. at 657 (citing *Crow–Watson Props., Inc. v. Carrier*, 719 P.2d 365, 367 (Colo. App. 1986)).

Plaintiff has failed to present evidence that Defendants have any intention or have taken any action that could hinder or delay her in collecting on a judgment, should she ultimately be successful in this action.  In fact, Defendant Terry D. Hamilton (the only one of the four Defendants who has appeared in this lawsuit and who allegedly has an interest in the $250,000 being held in Weld County District Court) has filed a Notice [#78] that he does not oppose the prejudgment attachment, which militates against a finding that he, at least, has any intention of attempting to stymie Plaintiff's potential attempt to collect on judgment at the conclusion of this lawsuit.  Accordingly, the Court finds that Plaintiff has failed to demonstrate that "cause" exists under Colo. R. Civ. P. 102(c)(4), (7), (8), or (9).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motions [#17, #75] are **DENIED**.

Dated:  July 28, 2015

BY THE COURT:

*[signature]*

Kristen L.  Mix
United States Magistrate Judge