IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY, an individual,

    Plaintiff,

v.

EUGENE H. BARKER, an individual,
BERNARD C. MAYNES, an individual,
B&B 2ND MORTGAGE, LLC, a Colorado limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
SHARON M. HAMILTON, an individual, and
CHEM-AWAY, INC., a California corporation,

    Defendants,

v.

Thomas W. Metcalf, an individual,
Thomas W. Metcalf, Attorney Law, a professional law firm,
Robert E. Ray, an individual, and
Law Office of Robert E. Ray, a professional law firm,

    Third-Party Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

---

This matter is before the Court on the Motions for Default Judgment against Sharon H. Hamilton (Doc. # 114), Chem-Away, Inc. of California (Doc. # 115), and Chem-Away, Inc. of Colorado (Doc. # 116) filed by Plaintiff Suzanne Conry, who is proceeding *pro se*.

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). However, default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id*. at n.2.

On August 13, 2015, the Court denied a first set of motions for default judgment filed by Plaintiff and asserted that "[i]f Plaintiff wishes to have a default judgment entered, she must comply with D.C.COLO.LCivR. 55.1(b) and Judge Arguello's Civil Practice Standard 7.1A(c)." (Doc. # 109.) On August 28, 2015, Plaintiff filed a second set of motions for default judgment (Docs. ## 114; 115; 116); however, the Court finds these motions to again be woefully deficient.

D.C.COLO.LCivR. 55.1(b) requires Plaintiff to "show by motion supported by affidavit: the sum certain or the sum that can be made certain by computation." Plaintiff has failed to comply with this requirement. Plaintiff states in her motions that Defendants S. Hamilton, Chem-Away, Inc. of California, and Chem-Away, Inc. of Colorado "apparently ha[ve] an interest subject property," but she does not specify what that interest is or why she is entitled to that interest from those defendants. Indeed, her affidavits are completely deficient as to any "sum certain" damages that she seeks from Defendants S. Hamilton or the Chem-Away Inc. entities. Further, Plaintiff references a Promissory Note and Deed of Trust (Doc. # 1-1 at 42–45) in her motions; however, neither S. Hamilton nor the Chem-Away Inc. entities are parties to the Note and,

accordingly, were not parties to the assignment of this Note (*Id.* at 50).  Additionally, the state court cases Plaintiff cites, in which she alleges $250,000 is being held for the benefit of Terry Hamilton and the Chem-Away Inc. entities, are the same court cases referenced in her third claim for relief—Collateral Attack against Prior State Court Judgments—where she requests a declaration that the state court cases "never ended, continued on[,] and were partially settled in subsequent Case 2012CV15."  In sum, the Court is uncertain what damages Plaintiff is requesting in her motions for default judgment and on what basis Defendants S. Hamilton, Chem-Away Inc. of Colorado, and Chem-Away Inc. of California are liable.

For the reasons stated above, it is ORDERED that the Motions for Default Judgment (Docs. ## 114; 115; 116) are DENIED WITHOUT PREJUDICE.  Furthermore, Plaintiff is not entitled to unlimited attempts at filing default judgment motions until she satisfies the requirement that she prove what damages she is actually entitled to and why certain defendants are liable for those damages.  Thus, if Plaintiff chooses to file a third amended motion, that motion will be Plaintiff's last bite at the apple.  Plaintiff is advised that she should err on the side of caution in ensuring that her calculation of damages is correct and easily ascertainable and in specifically stating the reasons why a particular defendant is liable for the requested damages.

DATED: September 22, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge