IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY, an individual,

    Plaintiff,

v.

EUGENE H. BARKER, an individual,
BERNARD C. MAYNES, an individual,
B&B 2ND MORTGAGE, LLC, a Colorado limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
SHARON M. HAMILTON, an individual, and
CHEM-AWAY, INC., a California corporation,

    Defendants,

v.

Thomas W. Metcalf, an individual,
Thomas W. Metcalf, Attorney Law, a professional law firm,
Robert E. Ray, an individual, and
Law Office of Robert E. Ray, a professional law firm,

    Third-Party Defendants.

---

## ORDER AFFIRMING AUGUST 11, 2015 RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

---

    This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  (Doc. # 4.)  On August 11, 2015, Judge Mix issued a Recommendation to grant the following motions: Motion to Dismiss (Doc. # 7)

and Motion to Dismiss Cross-Claim of Terry Hamilton (Doc. # 37) filed by Defendants B&B 2nd Mortgage, LLC, B&B Ventures, LLC, Eugene H. Barker, High Points, LLC, and Bernard C. Maynes (collectively, the "Barker Defendants"); Motion to Dismiss Third-Party Claim of Terry Hamilton (Doc. # 38) filed by Robert E. Ray; and Motion to Dismiss Third-Party Claim of Terry Hamilton (Doc. # 52) filed by Thomas W. Metcalf.  (Doc. # 108.)  The Recommendation is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  On September 8, 2015, third-party Plaintiff Terry Hamilton ("T. Hamilton") filed a timely objection (Doc. # 119) and on September 14, 2015, Plaintiff Suzanne Conry filed a timely objection (Doc. # 126) to Judge Mix's Recommendation.

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

As required by 28 U.S.C. § 636(b), the Court has conducted a de novo review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and the Objections to the Report and Recommendation.  Based on this de novo review, the Court concludes that the Magistrate Judge's Report and Recommendation is correct and is not called into question by Plaintiff's or T. Hamilton's Objections.

In her recommendation, Magistrate Judge Mix recommended that Plaintiff's claims One (Breach of Contract—SRA), Two (Declaratory Relief [regarding Defendants' breach of the SRA]) as against all parties except T. Hamilton, S. Hamilton, Chem-Away Inc. of Colorado, and Chem-Away Inc. of California, and Three (Collateral Attack against Prior State Court Judgments) be dismissed without prejudice.

In regard to Plaintiff's first and second claims, Judge Mix found that Plaintiff failed to state a breach of contract claim against the Barker Defendants because Plaintiff "has not alleged that she performed any of the obligations imposed by the [Settlement and Release Agreement ("SRA")] even in a conclusory fashion." Judge Mix found that, under the SRA, Plaintiff was required to assign her interest in the promissory note and deed of trust, execute a quitclaim deed to Tracts A-E, and release the *Lis Pendens* filed in previous cases. Plaintiff, who is proceeding *pro se*, argues that Judge Mix's conclusion is improper because the record and "true facts set forth in Plaintiff's own documents" demonstrate that she did in fact substantially perform under the SRA because she "gave up her portion of the bifurcated trial and, as a result thereof, the Barker, et al, Defendants received an additional $1,073,252.49 from the Court's registry." As Judge Mix correctly stated, under Colorado law, a party asserting a breach of contract claim must prove: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Galvin v. McCarthy*, No. 07–cv–00885, 2009 WL 890717, at *6 (D. Colo. Mar. 31, 2009). Plaintiff's argument that

she completed substantial performance because she gave up her portion of the bifurcated trial does not relate to the obligations required of her by the SRA.

Plaintiff raises additional "objections" as to her first and second claims in which she seeks to clarify and explain arguments that were before Judge Mix at the time the Recommendation was issued. For instance, Plaintiff states that "the Court asserted the COMPLAINT does not provide details surrounding the context or contents of this Global Settlement Agreement" and, thereafter, attempts to clarify the Global Settlement Agreement. Similarly, Plaintiff declares that, in the Recommendation, Judge Mix stated that her complaint "doesn't specify the content or relevance of March 3, 2011, state court interlocutory order," thus, Plaintiff attempts to explain the March 3, 2011 interlocutory order. However, Plaintiff's purported clarification of her arguments before Judge Mix does not show that Judge Mix's recommendation to dismiss Plaintiff's first and second claims without prejudice was improper. Based on this *de novo* review, the Court concludes that Judge Mix's Recommendation is correct and is not called into question by Plaintiff's objection.

In regard to Plaintiff's third claim, Judge Mix found that the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) applied and, thus, she recommended that the claim be dismissed without prejudice. Plaintiff contends that "her claims are an exception to the *Younger* Doctrine" because she was "deprived of an adequate forum until the filing of the instant case." Judge Mix thoroughly explained the *Younger* abstention doctrine and correctly determined that federal courts should not "interfere with state court proceedings by granting equitable relief—such as injunctions of important state

proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotation marks and citations omitted). Judge Mix held that "Plaintiff is attempting to interfere with the judgment in *B&B 2nd Mortgage v. Hamilton*, 2012CA605 (Colo. App. May 29, 2014)." Plaintiff cites cases in an attempt to prove that her claim is an exception to the *Younger* doctrine; however, the cited cases do not even discuss the *Younger* doctrine. Indeed, Plaintiff's claim that being deprived of an adequate forum is an exception to the *Younger* doctrine is incorrect. *See Miller v. Kan.*, No. 12-1356, 2012 WL 4476618, at *2 (D. Kan. Sept. 28, 2012) ("The *Younger* doctrine is not without its own exceptions, as federal courts may 'enjoin a pending state criminal prosecution provided that it was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate.'") (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995)). Based on this *de novo* review, the Court concludes that Judge Mix's Recommendation is correct and is not called into question by Plaintiff's objection.

Moreover, Judge Mix also recommended that third-party Plaintiff T. Hamilton's claims Four, Five, Six, Seven, and Ten be dismissed without prejudice; and claims Two, Three, Eight, Nine, Eleven, and Twelve be dismissed with prejudice because the claims are barred by the statute of limitations as a matter of law. Judge Mix found that T. Hamilton's first claim—Declaratory Judgment pursuant to Fed. R. Civ. Proc. 57—

contained no theory of recovery and simply re-alleged the previous paragraphs.  Judge Mix "liberally construe[d] the first claim as a request for declaratory relief sought as a result of his other claims."

As an initial matter, T. Hamilton states that he does not object to the recommendation that his fourth, fifth, sixth, seventh, and tenth claims be dismissed without prejudice or that his eighth claim be dismissed with prejudice.  T. Hamilton contends, however, that with respect to his first claim, his "reference to Rule 57 declaratory relief was a mistake by T. Hamilton believing that citing a federal rule was required instead of Colorado Rules of Civil Procedure Rule 105."  T. Hamilton argues that the Court should allow him to amend his Verified Answer (Doc. # 21) and Third Party Complaint (Doc. # 23) to replace declaratory judgment pursuant to Federal Rule 57 with Colorado Rule 105.  T. Hamilton also argues that claims "Two, Three, Nine, Eleven, and Twelve should not be dismissed because these claims arise out of the April 2000 real estate loan transaction, which is subject to pending C.R.C.P. 105 Quiet Title Action," and "[t]he statute of limitations does not apply in an action to quiet title."

T. Hamilton did not present these arguments to the magistrate judge.  Indeed, this is the first time he has brought up Colo. R. Civ. P. 105.  Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Ledford*, No. 07-cv-01568, 2010 WL 749843, at *7 (D. Colo. Mar. 3, 2010) ("The court reiterates that this is not a *de novo* review permitting a 'second shot' based on new arguments.") (internal citation omitted).  If the Court were to consider these new

arguments, the opposing parties would not have the opportunity to present any legal arguments opposing T. Hamilton's amendment of his answer and complaint. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993). Accordingly, the Court will not consider third-party Plaintiff T. Hamilton's new arguments. Based on a *de novo* review, the Court concludes that Judge Mix's Recommendation is correct and is not called into question by third-party Plaintiff T. Hamilton's objection.

Accordingly, it is hereby ORDERED that the Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 108) is AFFIRMED and ADOPTED as an order of this Court. Pursuant to the Recommendation, it is ORDERED:

1. That Motions (Docs. ## 7; 37; 38; 52) be GRANTED, and claims dismissed as follows:

    a. Plaintiff's claims One, Two, and Three; and Third-party Plaintiff T. Hamilton's claims Four, Five, Six, Seven, and Ten be DISMISSED WITHOUT PREJUDICE.

    b. Third-party Plaintiff T. Hamilton's claims Two, Three, Eight, Nine, Eleven, and Twelve be DISMISSED WITH PREJUDICE.

2. The following parties are dismissed from this lawsuit: Maynes; Barker; B&B 2nd Mortgage, LLC; B&B Ventures, LLC; High Pointe, LLC; Ray; and Metcalf. The Law Office of Robert E. Ray and Law Office of Thomas W. Metcalf are also dismissed as they were improperly added as third-party defendants and there are no claims against the entities.

3. Only the following claims remain: Plaintiff's second claim against T. Hamilton, S. Hamilton, Chem-Away Inc. of Colorado, and Chem-Away Inc. of California; and Plaintiff's fourth claim against T. Hamilton, S. Hamilton, Chem-Away Inc. of Colorado, and Chem-Away Inc. of California.

DATED: September 24, 2015

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge