FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY,

    Plaintiff,

v.

THE ESTATE OF EUGENE H. BARKER
BERNARD C. MAYNES, an individual,
SHARON M. HAMILTON, an individual,
B&B VENTURES, LLC, a Colorado limited liability company,
B&B 2ND MORTGAGE, LLC, a limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
CHEM-AWAY, INC., a California corporation,
DAVID HAMILTON, an individual
ALL UNKNOWN PERSON who claim an interest in the subject matter surface and mineral estate(s) in this action

    Defendants.

---

# ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 407) that this Court deny Plaintiff Suzanne Conry's pro se Motion for an Injunction and Restraining Order (Doc. # 376) against Defendants Estate of Eugene H. Bar, Bernard C. Maynes, B&B 2nd Mortgage LLC, High Pointe LLC, and B&B Ventures LLC (the Barker Defendants). Magistrate Judge Mix also recommends that this Court Strike Plaintiff's Notice of Removal (Doc. # 404) as

untimely and improperly filed.  For the following reasons, the Court affirms and adopts the Recommendation in its entirety.

## I.  STANDARD OF REVIEW

Plaintiff filed an Objection to the Recommendation, essentially challenging it entirely.  (Doc. # 408.)  Federal Rule of Civil Procedure 72(b)(3) thus requires this Court to conduct a de novo review of the issues.  In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Any arguments raised for the first time in objections are deemed waived and need not be considered.[1]  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.  BACKGROUND

Magistrate Judge Mix's Recommendation details the relevant factual and procedural history of this case.  Her Recommendation is incorporated by reference herein, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and the facts will be reiterated only to the extent necessary to address Plaintiff's Objections to the Recommendation.

The parties in this case have been involved in numerous Colorado state court proceedings.  In December 2016, Plaintiff and the Barker Defendants entered into a Settlement and Release Agreement (the SRA) that was approved by the Weld County District Court and purportedly resolved many of the state court issues between them.

---

[1] Plaintiff raises numerous arguments for the first time in her Supplement to her Objection (Doc. # 410).  Because those arguments were not presented to Magistrate Judge Mix, they are waived, and the Court need not address them.

2

(Doc. # 177 at ¶¶ 46–48.)  In a status report from April 2017, the Barker Defendants informed the Weld County District Court that Plaintiff had not yet fully performed under the SRA.  (Doc. # 376-3 at 1–2.)  The status report also notified the Court that the Barker Defendants intended to notify Plaintiff that she would have ten days from the date of that notice to perform under the SRA.  (*Id.*)  In response, Plaintiff filed the instant Motion requesting that this Court enjoin the Barker Defendants and the Weld County District Court.  (Doc. # 376.)  She also requests that this Court enter sanctions against the Barker Defendants and their attorney, Robert Eugene Ray.  (*Id.*)

### III.     INJUNCTIVE RELIEF

Injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir.2005).  It is well-established that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).  A party requesting injunctive relief must therefore first establish that she will suffer irreparable injury unless the injunction issues before any other requirements for the issuance of an injunction will be considered."  *Id.*

Plaintiff has not established that an irreparable injury is likely.  The scope of Plaintiff's motion is unclear—she first ask that the Court enjoin "the requests submitted by [the Barker Defendants] to the [Weld County District Court] and any other court(s)." (Doc. # 375 at 1.)  She later expands her request to include prohibiting "the Weld

3

County Court [from] taking any action regarding the disputed issues under the jurisdiction of this Court including, but not limited to, the SRA." (*Id.* at 7.)

With respect to Plaintiff's desire to enjoin the Barker Defendants' "requests," the Court assumes that Plaintiff is referring to the Barker Defendants' status report to the Weld County Court, wherein they indicated a plan to notify Plaintiff about her remaining obligations under the SRA and ask her to perform within ten days. It is unclear to this Court whether the Barker Defendants did so notify Plaintiff, and in any event, Plaintiff provides little to no support to suggest that allowing the Barker Defendants to ask Plaintiff to perform under a contract to which she previously agreed would result in irreparable harm to her. Assuming Defendants did so notify Plaintiff, it also appears that the ten-day deadline has lapsed, and Plaintiff cannot unequivocally establish that she faces imminent injury based on an expired request.

With respect to Plaintiff's expanded request that the Court enjoin Weld County District Court[2], Plaintiff provides no specifics regarding what Weld County District Court actions she seeks to enjoin. Nor does she provide any facts to support that she faces an actual, as opposed to theoretical, injury in the state proceeding, particularly considering that it is administratively closed. Plaintiff merely states that she would "suffer irreparable harm" if the Barker Defendants were able to "obtain a judgment against [her]." (Doc. 376 at 4.) This contention is conjectural, unsubstantiated, and

---

[2] In her Objection, Plaintiff asserts that she was not seeking to enjoin Weld County District Court. Nonetheless, in an abundance of caution, this Court addresses her prior contention suggesting otherwise.

4

insufficient to establish that Plaintiff will suffer irreparable harm if her request for injunctive relief is denied.[3]

Because Plaintiff has not demonstrated that an irreparable injury is likely, the Court need not address the other requirements for the issuance of a preliminary injunction. The Court accordingly denies Plaintiff's request for injunctive relief.[4]

## IV.    SANCTIONS

Plaintiff requests that this Court impose sanctions on the Barker Defendants and their counsel, Mr. Ray, pursuant to Fed. R. Civ. Proc. 11, Fed. R. Civ. Proc. 37, and 28 U.S.C. § 1927. For the following reasons, the Court declines to do so.

Under Rule 11(b), an attorney submitting to the court "a pleading, written motion, or other paper . . . certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." If an attorney violates Rule 11(b), "the court may impose an appropriate sanction." Rule 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Rule 11(c)(2). Plaintiff neither filed a separate motion, nor described the specific

---

[3] The Court further notes that the injunction standard is heightened with applied to a third party, like Weld County, thereby bolstering this Court's conclusion that Plaintiff's motion is inadequate to support the relief she requests. *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir 2005.)

[4] In her Objection to Magistrate Mix's Recommendation that her Injunction request be denied, Plaintiff asserts that she "just learned of . . . new developments today while obtaining the Register of Actions from the Larimer County Clerk of Court." (Doc. # 408 at 2.) This vague statement does not alter the Court's conclusion. It is unclear to this Court what these "new developments" are and how they are relevant to her request to enjoin the Barker Defendants or the Weld County District Court. Moreover, issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

conduct that she claims violates Rule 11(b).  She states, in a conclusory fashion, that Mr. Ray's "bad faith actions in threatening and harassing Plaintiff demonstrat[e] his egregious litigation misconduct in violation of, among other things, Rule 11." (Doc. # 376 at 3.)  Such a general allegation is insufficient to support sanctions under Rule 11, and the Court therefore denies her request.

Rule 37 provides for sanctions when a party fails to make required disclosures or refuses to cooperate during discovery.  For example, the rule allows a Court to impose sanctions when a party fails to obey a court discovery order or present a person for examination.  Rule 37(2)(A)–(B).  Plaintiff presents no discovery-related grounds for imposing sanctions on Mr. Ray, and the Court therefore declines to do so.

Finally, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under § 1927 do not require a finding of bad faith but, nonetheless, should be imposed only "in instances evidencing serious and studied disregard for the orderly process of justice." *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985).  Plaintiff's allegations are scant at best.  She states that Mr. Ray, who she claims is known as "the bulldog," "has acted in a manner unbecoming to his profession as an officer of the Court and should be severely sanctioned" as a result. (Doc. # 376 at 4, 6.)  She also implies that the years of litigation endured by the parties has been "torturous," "abusive," and fraudulent at the hands of Mr. Ray and the Barker

6

Defendants. (*Id.*) Plaintiff does not provide any specific facts or evidence to support these assertions, and the Court finds that her argument is insufficient to demonstrate a "serious and studied disregard for the orderly process of justice." *Dreiling*, 768 F.2d at 1165. Sanctions under § 1927 are, therefore, not warranted.

## V.   NOTICE OF REMOVAL

Plaintiff also recently filed a Notice of Removal in this case seeking to remove a Larimer County probate proceeding concerning the Estate of Eugene Barker to this Court. (Doc. # 404.) Magistrate Judge Mix recommended that this Court strike the Notice as improperly filed and untimely. (Doc. # 407.) Thereafter, Plaintiff re-filed the same Notice of Removal to initiate a separate federal case. *See* Civil Case No. 17-cv-2783-CMA-KLM. That case has since been remanded. *See id*.

The Court agrees with Magistrate Judge Mix's Recommendation. Indeed, 28 U.S.C. § 1446(b) provides, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons . . . whichever period is shorter."

Ms. Conry's Notice of Removal was not filed within thirty days of her receipt of the initial pleading or service of summons in the state court proceeding, which commenced on November 21, 2016. (Doc. # 404 at 3.) Ms. Conry filed a Notice of Claim in the state case on February 21, 2017, meaning that she had received the initial pleading at least by that date. (*Id.*) In her Objection, Plaintiff appears to argue that she even become aware of the litigation as early as January 21, 2017. (Doc. # 408.) In any

7

event, Plaintiff did not file the Notice of Removal in this case until September 22, 2017—well outside of the thirty-day period permitted by 28 U.S.C. § 1446(b). (Doc. # 404.) More importantly, however, as Magistrate Judge Mix noted, the Federal Rules do not permit Plaintiff to remove her state court proceeding into this federal court case, which has already been pending for several years. *See Watkins v. Consol. Eng'g Labs. Inc.*, No. CV 15-00147 JMS-RLP, 2015 WL 13424439, at *2 (D. Haw. May 27, 2015) ("Neither the removal statute nor caselaw provides for removal of a state case directly into a pending federal case, effectively adding parties and claims from the state action into the federal action.").

The Court, therefore, strikes Plaintiff's Notice of Removal as improperly filed and untimely. (Doc. # 404.)

## VI. CONCLUSION

Accordingly, the Court ORDERS that the Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 407) is AFFIRMED and ADOPTED as an Order of this Court. The Court also OVERRULES Plaintiff's Objection (Doc. ## 408, 410); DISMISSES Plaintiff's Motion for Injunctive Relief and Restraining Order (Doc. # 376); and STRIKES Plaintiff's Notice of Removal (Doc. # 404).

DATED: December 1, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge