IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KLM

SUZANNE CONRY,

     Plaintiff,
v.

THE ESTATE OF EUGENE H. BARKER
BERNARD C. MAYNES, an individual,
SHARON M. HAMILTON, an individual,
B&B 2ND MORTGAGE, LLC, a limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
CHEM-AWAY, INC., a California corporation,
ALL UNKNOWN PERSON who claim an interest in the subject matter surface and mineral estate(s) in this action

     Defendants.

---

**ORDER AFFIRMING UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX'S ORDER DENYING MR. INGOLD'S AMENDED MOTION FOR ATTORNEY'S FEES**

---

This matter is before the Court on Attorney Chris L. Ingold's Objection (Doc. # 419) to an Order issued by Magistrate Judge Kristen L. Mix on November 21, 2017 (Doc. # 411), wherein Magistrate Judge Mix denied Mr. Ingold's Amended Motion for Attorney's Fees (Doc. # 328). For the following reasons, this Court overrules Mr. Ingold's Objection and affirms Magistrate Judge Mix's Order.

# I. **BACKGROUND**

Magistrate Judge Mix's Order (Doc. # 411) provides a comprehensive recitation of the applicable factual and procedural background of this case. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a). Additional factual background will be reiterated only to the extent necessary to address Mr. Ingold's objections.

Plaintiff Suzanne Conry commenced this action pro se in 2014. (Doc. # 1.) She later retained Mr. Ingold as legal counsel. (Doc. 328-1.) On March 30, 2016, Ms. Conry signed an "Agreement for Legal Services" (Fee Agreement), which included an hourly fee agreement providing for an hourly rate of $150 per hour for attorney time paid from a retainer and $300 per hour for attorney time not paid from a retainer.[1] (*Id.* at 6.) The Fee Agreement also provided that "authority is given to the attorney to expend time providing legal services up to a maximum of 60 hours[,] which limitation will not be exceeded without client's further written authority." (Doc. # 328-1.)

In the following months, Mr. Ingold and Ms. Conry's relationship deteriorated. On September 12, 2016, this Court granted Mr. Ingold's Motion to Withdraw from representing Ms. Conry. (Doc. # 239.) Mr. Ingold thereafter filed a Motion for Attorney's Fees claiming entitlement to fees for work performed between August 25 and September 12, 2016, amounting to $2,907.50. (Doc. # 328 at 5.) Ms. Conry objects to these fees. She argues that they accrued when Mr. Ingold improperly continued working on her case after she terminated the relationship and despite a lack of written

---

[1] It is undisputed that Mr. Ingold and Ms. Conry entered into a valid Fee Agreement. (Doc. # 411 at 4–5.)

2

authorization to do so. (Doc. # 399 at 2.)  Magistrate Judge Mix agreed with Ms. Conry and denied Mr. Ingold's Motion for Attorney's Fees.  (Doc. # 411.)  As pertinent here, Magistrate Judge Mix also found that Mr. Ingold provided insufficient evidence and no argument to support that Ms. Conry impliedly authorized him to continue working.  (*Id.* at 6–7.)

## II.  STANDARD OF REVIEW

When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

## III.  ANALYSIS

### A.  IMPLIED AUTHORIZATION

Mr. Ingold first objects to Magistrate Judge Mix's conclusion that he did not provide sufficient evidence of implied authorization to continue working on Ms. Conry's case. (Doc. # 419 at 2.) The Court overrules this objection.

In support of his argument that Ms. Conry impliedly authorized him to continue working on her behalf, Mr. Ingold highlights multiple dates on which he alleges Ms. Conry demanded additional work. (*Id.* at 2, 5.)  Mr. Ingold also contends that a payment

made by Ms. Conry on September 6, 2016 further demonstrates her implicit authorization to continue work on her behalf. (*Id.* at 2.)

Ms. Conry disagrees with Mr. Ingold's recitation of their interactions. She instead asserts that she did not provide authorization for him to continue working, and instead requested, on September 4 and 5, 2016, that Mr. Ingold cease his services and provide an immediate accounting. (*Id.* at 2.) According to her, all time expended by Mr. Ingold after August 25, 2016, was improper and contractually barred. (Doc. # 411 at 3.)

The Court finds no clear error in Magistrate Judge Mix's conclusion that Mr. Ingold failed to demonstrate that Ms. Conry impliedly authorized him to continue working after August 25, 2016. Mr. Ingold did not present any argument or supporting legal authority to Magistrate Judge Mix to support that he had Ms. Conry's implied authorization to continue working. Nor does the evidence attached to his motion support such an inference. Mr. Ingold merely cites to his own billing records as containing "a record of multiple communications with the client" and showing that Ms. Conry "demanded" additional work—communications and demands that Ms. Conry vehemently disputes. That Ms. Conry paid Mr. Ingold $1,000 on September 6 does not conclusively show that she impliedly authorized his continued services—indeed, the Court finds no error in Magistrate Judge Mix's finding that the money was paid "to seemingly compensate him for work done through August 25." (Doc. # 411 at 6.) Accordingly, Magistrate Judge Mix's conclusion that implied authorization had not been shown, much less proven, was not clearly erroneous or contrary to law.

4

Moreover, regardless of whether implied authorization existed, the Fee Agreement clearly required written authorization for the work at issue here. As mentioned, it specifically provided that work in excess of 60 hours required the "client's further written authority." (Doc. # 328-1.) Ms. Conry avers that she did not provide written authorization for the disputed additional work, and Mr. Ingold has not provided any evidence to dispute that contention. Magistrate Judge Mix's consequent finding that Mr. Ingold's continuation of work on Ms. Conry's case was "without [Ms. Ingold's] written authority thus, in violation of the Fee Agreement" is not clearly erroneous. (Doc. # 411 at 7.)

**B. BREACH OF CONTRACT**

Mr. Ingold next maintains that it is Ms. Conry, not he, who is in violation of the contract because she failed to compensate him for his services rendered. The Court overrules this objection.

1. Law

Well-established principles of contract law guide the Court's review. "When the written contract is complete and free from ambiguity, [the court] will find it to express the intentions of the parties and enforce it according to its plain language." *Gagne v. Gagne*, 338 P.3d 1152, 1163 (Colo. App. 2014). In addition, courts must interpret and enforce contracts as written and cannot rewrite or restructure them. *Janicek v. Obsideo*, LLC, 271 P.3d 1133, 1138 (Colo. App. 2011).

A court's must also interpret a contract "in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered

meaningless." *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1313 (Colo.1984). The Court does not view clauses or phrases in isolation. *U.S. Fid. & Guar. Co. v. Budget Rent–A–Car Sys.*, Inc., 842 P.2d 208, 213 (Colo.1992).

    2. <u>Analysis</u>

Mr. Ingold highlights a provision in the Fee Agreement stating that "if a retainer is requested from the client and not provided, it is likely that the attorney will seek to withdraw . . . and will terminate th[e] agreement." (Doc. # 419 at 3.) If that occurs, "the attorney is entitled to be then compensated for the services rendered to the client up to the time of . . . withdrawal." (*Id*.) Mr. Ingold argues that Ms. Conry's failure to pay him a requested retainer resulted in his withdrawal from the case and obligated Ms. Conry to compensate him for any services rendered before his withdrawal. (*Id*.)

The Court disagrees that this provision of the Fee Agreement so obligated Ms. Conry. Although the Fee Agreement expressly provides for compensation for all services rendered before withdrawal, the Agreement also requires written authorization for any work completed beyond the 60 hour authorized. Thus, reading the provision highlighted above in conjunction with the entire Fee Agreement, the Court agrees with Magistrate Judge Mix's conclusion that Ms. Conry cannot be held "responsible for Mr. Ingold's attorney's fees incurred after August 25, 2016, because they were billed without authorization in violation of the express terms of the Fee Agreement." *See Gagne v. Gagne*, 338 P.3d 1152, 1163 (Colo. App. 2014) ("When the written contract is complete and free from ambiguity, we will conclude that it expresses the intentions of the parties and enforce it according to its plain language.").

## C. UNJUST ENRICHMENT

Finally, Mr. Ingold objects to Magistrate Judge Mix's Order pursuant to the doctrine of unjust enrichment. Mr. Ingold contends that Magistrate Judge Mix failed to consider the Restatement (Third) The Law Governing Lawyers § 37, which provides:

> If a client-lawyer relationship ends before the lawyer has completed the services due for a matter and the lawyer's fee has not been forfeited under § 37:
>
> (1) a lawyer who has been discharged or withdraws may recover the lesser of the fair value of the lawyer's services as determined under § 39 and the ratable proportion of the compensation provided by any otherwise enforceable contract between lawyer and client for the services performed; except that
>
> (2) the tribunal may allow such a lawyer to recover the ratable proportion of the compensation provided by such a contract if:
>
> > (a) the discharge or withdrawal is not attributable to misconduct of the lawyer;
> >
> > (b) the lawyer has performed severable services; and
> >
> > (c) allowing contractual compensation would not burden the client's choice of counsel or the client's ability to replace counsel.

The Court disagrees with Mr. Ingold that § 37 applies here. Claims based on unjust enrichment must yield to the terms of a valid and enforceable contract between the parties. RESTATEMENT (THIRD) RESTITUTION AND UNJUST ENRICHMENT Intro. Note (2004). In other words, "[t]he doctrine of unjust enrichment applies to situations where as a matter of fact there is no legal contract." *Id.*; *see also Mullen v. Hansel-Handerson*, 65 P.3d 992, 992 (Colo. 2002) ("Generally attorneys may recover on an *unenforceable*

*contract* on the basis of quantum meriut.") (emphasis added); *Interbank Investments, LLC v. Eagle River Water and Sanitation Distr.* 77 P.3d 814, 816 (Colo. App. 2003) (A party generally cannot recover for unjust enrichment when an express contract covers the same subject matter.). It is undisputed that Ms. Conry and Mr. Ingold executed a valid contract—the Fee Agreement. That contract covers the subject matter at issue, and the doctrine of unjust enrichment does not, therefore, apply.[2]

The Court accordingly finds that Magistrate Judge Mix did not clearly err by not considering the doctrine of unjust enrichment.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Ingold's Objection (Doc. # 419) is OVERRULED and Magistrate Judge Mix's Order (Doc. # 411) is AFFIRMED.

DATED: March 16, 2018                    BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The Court recognizes that there are two exceptions to this principle, but those exceptions do not apply in the instant case.