IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KAS

SUZANNE CONRY,

    Plaintiff/Counter Defendant,

v.

THE ESTATE OF EUGENE H. BARKER
THE ESTATE OF BERNARD C. MAYNES,
SHARON M. HAMILTON, an individual,
B&B 2ND MORTGAGE, LLC, a limited liability company,
B&B VENTURES, LLC, a Colorado limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
CHEM-AWAY, INC., a California corporation,
ALL UNKNOWN PERSON who claim an interest in the subject matter surface and mineral estate(s) in this action

    Defendants,

and

DAVID HAMILTON, an individual,

    Interested Party/Counter Claimant.

## ORDER FOR SUPPLEMENTAL BRIEFING

David Hamilton has alleged that state court proceedings have "fully adjudicated" the parties' disputes including quieting title to the subject property. (Doc. # 532 at 2–4; Doc. # 533 at 9.) Further, the Court understands that as residents of California, which recognizes community property between spouses, Sharon Hamilton's bankruptcy

proceedings may also have had implications on Terry Hamilton's property rights and interests, and/or on the Defendants Chem-Away Inc. of Colorado and Chem-Away Inc. of California which Ms. Conry alleges are assets of Terry and Sharon Hamilton. *See* (Doc. # 177 at ¶¶ 23–24; Doc. # 352 at 2.)

Plaintiff Suzanne Conry, Interested Party/Counter Claimant David Hamilton, Defendant Terry Hamilton, and any other parties with insights into, or arguments regarding the impact of the above-described court proceedings (and any other proceedings) on the property and claims at issue in this case shall file briefing, jointly or separately, explaining the impact of such related cases on the instant matter. The parties' briefs should be clear and concise and should contain all the facts, legal arguments, and authority necessary for the Court to comprehend the scope of any related proceedings and their impact on this case. Following the Court's Universal Civil Practice Standard 7.1A(a)(3), parties should support their briefs with official court orders from the state court, bankruptcy, or other court proceedings as well as any other relevant evidence combined into a single consecutively numbered appendix. Parties should then cite to this appendix as outlined in 7.1A(a)(3) in their briefs. The briefs should not incorporate by reference other documents in whole or in part. *See Atlantic Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-NYW-KLM, 2023 WL 3096809, at *4 (D. Colo. Apr. 26, 2023) (analyzing Fed. R. Civ. P. 10(c) and explaining that the court "generally does not permit incorporation of one motion into another"). The parties' briefs should be limited to discussing the state court, bankruptcy court, or other proceedings, the outcomes of these proceedings, and how—if at all—such outcomes impact the

property and claims at issue in this case, as well as any impact on the parties. The briefs shall not make any requests for the Court to take action on matters unrelated to the issues to be briefed. *See* Civ. Practice Standard 7.1A(a)(5)–(6).

Briefs are due to the Court on or before March 28, 2024, and shall not exceed 15 pages in length each. Response briefs, not to exceed 10 pages in length, are to be filed on or before April 11, 2024.

DATED: March 7, 2024

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge