IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 14-cv-02672-CMA-KAS

SUZANNE CONRY,

      Plaintiff/Counter Defendant,

v.

THE ESTATE OF EUGENE H. BARKER
THE ESTATE OF BERNARD C. MAYNES,
SHARON M. HAMILTON, an individual,
B&B 2ND MORTGAGE, LLC, a limited liability company,
HIGH POINTE, LLC, a Colorado limited liability company,
TERRY D. HAMILTON, an individual,
CHEM-AWAY, INC., a Colorado corporation,
CHEM-AWAY, INC., a California corporation,
ALL UNKNOWN PERSON who claim an interest in the subject matter surface and mineral estate(s) in this action

      Defendants,

and

DAVID HAMILTON, an individual,

      Interested Party/Counter Claimant.

## ORDER

This matter is before the Court on Plaintiff Suzanne Conry's Urgent Motion for Dismissal and Withdrawal of Pending Motions Including Rule 59/60 Motion and for Release of *Lis Pendens* (Doc. # 640). Pursuant to its June 13, 2024 Order (Doc. #593), the Court dismissed all of Ms. Conry's claims against all Defendants so there remains nothing to dismiss in this case. However, Ms. Conry did timely file Plaintiff Suzanne

Conry's Rule 59 Motion or in the Alternative Rule 60 Motion (Doc. # 596). Therefore, the Court construes Ms. Conry's Motion to Dismiss (Doc. # 640) as a Motion to Withdraw her Rule 59 Motion (Doc. # 596).

The Court grants Plaintiff Suzanne Conry's Urgent Motion for Dismissal and Withdrawal of Pending Motions Including Rule 59/60 Motion and for Release of *Lis Pendens* (Doc. # 640) and allows the withdrawal of her Rule 59 Motion (Doc. # 596).

Further, for the reasons set forth below, the Court denies Defendant Terry D. Hamilton's ("T. Hamilton") Motion for Reconsideration (Doc. # 598) filed on July 12, 2024, T. Hamilton's Motion to Reopen Case (Doc. # 621) filed on October 10, 2024, and T. Hamilton's Second Motion to Reopen Case (Doc. #635) filed on January 16, 2025.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court has spent an inordinate amount of time making its way through the tortured history of this case and declines to repeat that history in this Order. Instead, it incorporates by reference the Background Information and Procedural History set forth in detail in its June 13, 2024 Order (Doc. # 593). For purposes of this Order, the Court notes that it did deny as moot T. Hamilton's Petition for Declaratory Judgment (Doc. # 585). The Court further notes that, although T. Hamilton's Rule 59(e) Motion (Doc. # 598) was not timely filed, rather than merely strike the untimely filing, the Court denied a Motion to Strike filed by other Defendants (Doc. # 601) and accepted the Motion as a filing under Rule 60 (Doc. # 629).

## II. LEGAL STANDARD

### A. *PRO SE* STANDARD OF REVIEW

Terry Hamilton is proceeding *pro se*. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a *pro se* party]'s arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "[I]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant]'s complaint or construct a legal theory on a [movant]'s behalf"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (citation omitted).

### B. FEDERAL RULE OF CIVIL PROCEDURE 60

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that a court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b)(1) & (6). Relief

3

under Rule 60(b) is an extraordinary remedy that "is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).

### III.    DISCUSSION

**A.    TERRY D. HAMILTON'S FED. R. CIV. P. 59(e) MOTION (DOC. # 598)**

As previously mentioned, the Court has accepted T. Hamilton's Rule 59(e) Motion Re: Order at Doc 593 (Doc. # 598) as a filing under Federal Rule of Civil Procedure Rule 60 (Doc. # 629). As best the Court can discern,[1] in this Motion, T. Hamilton is asserting that this Court erred in its findings of the legal effect of the bankruptcy filing(s) of Sharon Hamilton. However, his only allegation in support thereof is that an attorney of record "failed to advise this Court of Defendant Sharon Hamilton's bankruptcy automatic stay." (Doc. # 598 at 3.) In its June 13, 2024 Order, the Court addressed in depth both Sharon Hamilton's bankruptcy filings and the impact of those filings on this litigation. The Court hereby incorporates that analysis by reference. *See* (Doc. # 593 at 18–24, 49–50). The Court finds that this single allegation by T. Hamilton dismally fails to meet the Rule 60 standard.

Moreover, the relief requested by T. Hamilton is that the Court:

1. Refer this attorney to the attorney discipline panel;
2. Enter an Order accepting Plaintiff's pending First Amended Complaint;

---

[1] The Court has reviewed the Motion as well as the numerous supplemental filings that T. Hamilton has filed in this matter.

4

      3.   Reinstate T. Hamilton's Rule 57 Petition for Declaratory Relief.

The relief requested in paragraph 1 is not an appropriate remedy under Rule 60. With respect to the relief requested in paragraph 2, Plaintiff filed her Second Amended Complaint in 2016 (Doc. # 177), to which Answers were filed by the Defendants. The Court finds that a request to revert back to Plaintiff's First Amended Complaint is not appropriate relief under Rule 60, and is an extremely untimely request. This is also a moot issue because, in its June 13, 2024 Order (Doc. # 593), the Court dismissed all of Ms. Conry's claims against all Defendants.

Finally, T. Hamilton requests that the Court reinstate his Rule 57 Petition for Declaratory Judgment (Doc. # 585). In that Petition, T. Hamilton argues that he is the "indisputable legal owner in possession of the subject matter property consisting of 460 acres of farmland (surface and mineral estates) located at the Northwest corner of U.S. Highway 34 and State Highway 257, Greeley, Weld County, Colorado 80631." (Doc. # 585 at 1.) However, as discussed in detail in this Court's June 13, 2024 Order (*see* Doc. # 593 at 5–18), the ownership of this property was fully litigated via four cases filed in Weld County, which are all final - Weld County District Court Case Nos. 01CV473, 05CV1774, 09CV625, and 12CV15. It is apparent that T. Hamilton merely wishes to litigate matters that were finally resolved by another court years ago and which he lost on appeal.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Suzanne Conry's Urgent Motion for Dismissal and Withdrawal of Pending Motions Including Rule 59/60 Motion and for Release of *Lis*

*Pendens* (Doc. # 640) is GRANTED and Plaintiff Suzanne Conry's Rule 59 Motion or in the Alternative Rule 60 Motion (Doc. # 596) is WITHDRAWN. It is

FURTHER ORDERED that Defendant Terry D. Hamilton's Fed. R. Civ. P. 59(e) Motion Re: Order at Doc. 593 (Doc. # 598) is DENIED. It is

FURTHER ORDERED that

1. Defendant Terry D. Hamilton's Motion to Reopen Case to Correct the Record and Docket by Removing Names of Non-Parties Barker *et al.* and D. Hamilton *et al.* Due to Court's Lack of Personal Jurisdiction and Finality and Vacate Order at Doc. # 593 and Judgment at Doc. # 594; to File FRCP 60(b) Motion or Notice of Appeal (Doc. #621); and

2. Defendant Terry D. Hamilton's Motion to Reopen the Case and Allow Attorneys to Correct Misstatements Under the 21-Day Safe Harbor Period to Protect the Court Record and Allow Additional 28 Days to 2/12/2025 Before Ruling on Doc. 632 Response and Doc. 621 to Vacate Order at Doc. 593 for Lack of Personal Jurisdiction Over Non-Parties Barker *et al.* and D. Hamilton; or Issue Rule 11(c)(3) OSC to Counsel (Doc. # 635)

Both of which were untimely filed, are DENIED.

DATED: April 3, 2025

                                          BY THE COURT:

                                          *[signature]*
                                          CHRISTINE M. ARGUELLO
                                          Senior United States District Judge